UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LILLARD & LILLARD, P.C.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Civil Case No. 13-00171 (RJL)** |
| | ) |
| **BLUE CROSS AND BLUE SHIELD** | ) |
| **ASSOCIATION,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

**FILED**

SEP 2 5 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**MEMORANDUM OPINION**

(September 23, 2013) [Dkts. ##11, 36, 37, 46, 55, 61]

On January 7, 2013, plaintiff Lillard & Lillard, P.C. ("plaintiff"), a law firm, filed

the instant action in the Superior Court of the District of Columbia ("Superior Court")

against defendants Blue Cross and Blue Shield Association (BCBSA), R&R Professional

Recovery ("R&R"), NCO Financial Systems ("NCO"), First Federal Credit Control

("FFCC"), and Quantum Practice Management ("Quantum"). *See* Compl. [Dkt. 1-1].[1]

Plaintiff alleged violations of the District of Columbia Consumer Protection Procedures

Act, D.C. Code § 28-3901 *et seq.* ("CPPA"), the Racketeer Influenced & Corrupt

Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and the Federal Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See id.* ¶¶ 4–16.

Plaintiff amended its complaint on January 24, 2013, adding a claim for violation of the

---

[1] Plaintiff's initial Complaint can be found at pages 2–18 of Dkt. #1-1.

1

Patient Protection and Affordable Care Act, 124 Stat. 119 *et seq.* ("ACA"), and a new

defendant, Alacrity Collections Corporation ("Alacrity"). *See* Second Am. Compl. ¶ 14

[Dkt. #1-1].[2] Plaintiff also brings an equity claim against defendants. *See id.* ¶ 19.

On February 7, 2013, defendants BCBSA, R&R, NCO, and FFCC removed the

action to this Court pursuant to 28 U.S.C. § 1441 as an action over which this Court has

federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal [Dkt. #1] ¶

7. Now before the Court are BCBSA's Motion to Dismiss[3] and the five remaining

defendants' motions for judgment on the pleadings.[4] Upon consideration of the parties'

pleadings, relevant law, and the entire record herein, the Court concludes that plaintiff

lacks standing to bring these claims. Accordingly, the Court will GRANT defendants'

motions pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff is a District of Columbia professional corporation that conducts business

as a law firm. Second Am. Compl. ¶ 1. On January 7, 2012, one of plaintiff's

employees, John F. Lillard, III ("Mr. Lillard"), was involved in a car accident. *Id.* ¶ 2.

According to plaintiff, Mr. Lillard incurred approximately $15,500 in medical expenses

stemming from his accident ("Accident Expenses"). *Id.* In connection with his

---

[2] Plaintiff's Second Amended Complaint can be found at pages 28−47 of Dkt. #1-1.
[3] BCBSA filed its Motion to Dismiss [Dkt. #11] on February 14, 2013.
[4] FFCC filed its motion [Dkt. #36] on March 12, 2013. R&R filed its motion [Dkt. #37] on March 12, 2013. NCO filed its motion [Dkt. #46] on March 18, 2013. Quantum filed its motion [Dkt. #55] on April 1, 2013. Alacrity filed is motion [Dkt. #61] on May

Accident Expenses, Mr. Lillard submitted certain health insurance claims to plaintiff's insurance carrier. *Id.* Plaintiff alleges that BCBSA unlawfully denied Mr. Lillard benefits he was owed under a health insurance policy ("Policy") issued by CareFirst of Maryland, Inc., doing business as CareFirst BlueCross BlueShield ("CareFirst").[5] *Id.* Mr. Lillard's medical providers subsequently hired collection agencies, including R&R, NCO, FFCC, Alacrity, and Quantum (collectively "Bill Collectors") to collect balances due on Mr. Lillard's medical bills. *Id.* ¶ 3. According to plaintiff, the Bill Collectors engaged in abusive and unlawful collection efforts with respect to Mr. Lillard. *Id.*

## LEGAL STANDARD

A court must dismiss a complaint, or any portion of it, that does not fall within the court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1) and 12(h)(3). When resolving a challenge to the legal sufficiency of the plaintiff's jurisdictional allegations at the pleading stage, a court "must accept as true all material allegations of the complaint, drawing all reasonable inferences from those allegations in plaintiff['s] favor, and presuming that general allegations embrace those specific facts that are necessary to support the claim." *LaRoque v. Holder,* 650 F.3d 777, 785 (D.C. Cir. 2011) (quotations and citations omitted). Where the moving party challenges the factual basis for

---

8, 2013.

[5] A copy of Mr. Lillard's Policy can be found attached to BCBSA's Motion to Dismiss. *See* Ex. 1 to BCBSA's Mot. to Dismiss ("Ex. 1") [Dkt. #11-1]. According to plaintiff, CareFirst is an "alias entit[y]" of BCBSA. Second Am. Compl. ¶ 2. The Policy, however, states that it "creates no obligation on the part of [BCBSA]." *See* Ex. 1 § 7.14.

3

jurisdiction, the court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000).

"Because Article III limits the constitutional role of the federal judiciary to resolving cases and controversies, a showing of standing is an essential and unchanging predicate to any exercise of [the court's] jurisdiction." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc) (quotations and citations omitted). Article III standing has three familiar requirements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Windsor*, 133 S. Ct. 2675, 2685−86 (2013) (quotations, citations, and modifications omitted). As the party invoking federal jurisdiction, "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing, *inter alia, Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

# ANALYSIS

Plaintiff asserts six counts against defendants based on the alleged conduct. *See* Second Am. Compl. ¶¶ 5–19. Specifically, plaintiff claims that BCBSA and the Bill Collectors conspired to violate: (1) the CPPA by improperly denying Mr. Lillard's health insurance claims, cancelling Mr. Lillard's coverage, and attempting to collect debts owed by Mr. Lillard to his various medical providers;[6] (2) RICO by fraudulently denying claims and attempting to collect debts;[7] (3) the ACA by improperly denying claims;[8] and (4) the FDCPA by attempting to collect debts, "denying payment of [Mr. Lillard's] medical bills," and "repeatedly demanding more documentation before paying any claim."[9] Plaintiff also brings an equity claim against the defendants. *See id.* ¶ 19. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the Court concludes that plaintiff lacks standing to bring these claims.

Plaintiff has failed to identify any injury to a legally protected interest of plaintiff which is (a) concrete and particularized, and (b) actual or imminent. The only injuries described in plaintiff's Second Amended Complaint, financial and otherwise, were allegedly suffered by Mr. Lillard. Indeed, the only financial loss alleged in the record is that BCBSA failed to pay Mr. Lillard's medical bills, causing Mr. Lillard's medical providers to hire the Bill Collectors to seek balances due on his medical bills. *See*

---

[6] Plaintiff brings one count under the CPPA. *See* Second Am. Compl. ¶¶ 5–11.
[7] Plaintiff brings one count under RICO. *Id.* ¶¶ 12–13.
[8] Plaintiff brings one count under the ACA, addressed to BCBSA only. *Id.* ¶14.

Second Am. Compl. ¶¶ 2–3.  Plaintiff additionally alleges that the Bill Collectors

"threatened to ruin [Mr. Lillard's] credit" and engaged in abusive collection practices,

"defiantly, unlawfully, and mercilessly" harassing Mr. Lillard by mail and telephone.  *Id.*

¶ 3.  Unfortunately, Mr. Lillard is not the plaintiff in this case.

Plaintiff is a law firm and has failed to articulate how it was injured by defendants'

alleged conduct.   It is unclear what legally protected interest plaintiff could have under

the Policy.   Based on the underlying record, it does not appear that plaintiff incurred any

of Mr. Lillard's medical expenses or is even liable to pay Mr. Lillard's medical expenses.

Plaintiff does not allege that it has suffered any other actual injuries, financial or

otherwise, as a result of defendants' alleged conduct.   As such, the Court does not

believe the plaintiff is sufficiently involved in the current legal dispute to have a defined

stake in the outcome of the litigation.   Moreover, plaintiff has not alleged that it will

suffer any concrete and particularized injury in the imminent future.   Under these

circumstances, the Court must avoid unconstitutionally rendering an advisory opinion by

"deciding a case in which no injury would have occurred at all."  *Defenders of Wildlife,*

504 U.S. at 564 n. 2.

In sum, plaintiff cannot establish Article III standing without alleging that plaintiff

law firm (as distinct from Mr. Lillard) has suffered or will imminently suffer any injury

fairly traceable to defendants' alleged conduct and redressable by a favorable decision by

---

[9] Plaintiff brings two counts under the FDCPA.  *Id.* ¶¶ 15–18.

this Court.

## CONCLUSION

Thus, for all of the foregoing reasons, the Court GRANTS defendants' motions. Because plaintiff lacks standing to bring these claims, this case must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.   An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge